Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT

### for the

### Northern District of Alabama

|  |  |
|---|---|
| Joyce A. Ortiz Thomas | ) |
| *Plaintiff* | ) |
| *(Write your full name. No more than one plaintiff may be named in a pro se complaint.)* | ) |
| | ) |
| -v- | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| Robert Wilke, Secretary | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

Case No.  2001-0521-201710374

*(to be filled in by the Clerk's Office)*

5:20:347-LCB

Jury Trial: *(check one)*  ☑ Yes  ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

**I.    The Parties to This Complaint**

    **A.    The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                    Joyce Ortiz Thomas
Street Address      2200 Wedgewood Road
City and County      Huntsville, AL 3
State and Zip Code    Alabama, 35816
Telephone Number   256 617 4911
E-mail Address      007queenjt@gmail.com

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

    ☑ **Check here to receive electronic notice through the email listed above. By checking this box, the undersigned consents to electronic service and waives the right to personal service by first class mail pursuant to Federal Rules of Civil Procedure 5(b)(2), except with regard to service of a summons and complaint. The Notice of Electronic Filing will allow one free look at the document, and any attached PDF may be printed or saved.**

_____

**Date**

_____

**Participant Signature**

    **B.**    **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

    Name                     Chelsea Smith

    Job or Title *(if known)*    LPN

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 2

    Name                     Sarah Wilkerson

    Job or Title *(if known)*    Nurse Manager

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 3

    Name                     Robert Wilkie, Secretary

    Job or Title *(if known)*    Dept of Veterans Affairs

    Street Address

    City and County

    State and Zip Code

    Telephone Number

    E-mail Address *(if known)*

Defendant No. 4

|  |  |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## C.     Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

|  |  |
|---|---|
| Name | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

## II.     Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑     Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☑     Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐     Other federal law *(specify the federal law)*:

Pro Se 7 (Rev. 09/16) Complaint for Employment Discrimination

☐  Relevant state law *(specify, if known)*:

☐  Relevant city or county law *(specify, if known)*:

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.  The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐  Failure to hire me.

☐  Termination of my employment.

☐  Failure to promote me.

☑  Failure to accommodate my disability.

☑  Unequal terms and conditions of my employment.

☑  Retaliation.

☑  Other acts *(specify)*:   Hostile work enviroment, Threaten

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.  It is my best recollection that the alleged discriminatory acts occurred on date(s)

29 March 2017

C.  I believe that defendant(s) *(check one)*:

☐  is/are still committing these acts against me.

☑  is/are not still committing these acts against me. (I'm not sure). When I see the defendant I'm constant reminded of her behavior toward me. on or about dates included.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

| | | |
|---|---|---|
| ☑ | race | _____ |
| ☑ | color | _____ |
| ☐ | gender/sex | _____ |
| ☐ | religion | _____ |
| ☐ | national origin | _____ |
| ☐ | age *(year of birth)* | _____ *(only when asserting a claim of age discrimination.)* |
| ☐ | disability or perceived disability *(specify disability)* | |

E.   The facts of my case are as follows. Attach additional pages if needed.

The facts of my case failure to follow
(1),

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.   Exhaustion of Federal Administrative Remedies

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

June 2017

B.   The Equal Employment Opportunity Commission *(check one)*:

☐   has not issued a Notice of Right to Sue letter.

☑   issued a Notice of Right to Sue letter, which I received on *(date)*   2/23/20.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.     Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐     60 days or more have elapsed.

☐     less than 60 days have elapsed.

## V.     Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

## VI.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     3/9/10

Signature of Plaintiff     Joyce A. Thomas

Printed Name of Plaintiff     Joyce A. Ortiz Thomas

**B.     For Attorneys**

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Joyce A. Ortiz-Thomas, a/k/a
Doria D.,[1]
Complainant,

v.

Robert Wilkie,
Secretary,
Department of Veterans Affairs,
Agency.

Appeal No. 2019004174

Hearing No. 420-2018-00129X

Agency No. 2001-0521-2017103674

## DECISION

On June 18, 2019, Complainant filed an appeal, pursuant to 29 C.F.R. § 1614.403(a), from the Agency's May 17, 2019 final order concerning her equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

## BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as an Advanced Medical Support Assistant in Primary Care Based Medicine, GS-0679-06 at the Agency's Huntsville VA Outpatient Clinic in Huntsville, Alabama. On June 29, 2017, Complainant filed a formal complaint alleging that the Agency discriminated against her on the bases of race (African-American) and color (brown) when:

1. On March 29, 2017, a Licensed Practical Nurse (LPN) approached her in an aggressive manner with an ink pen and began to make stabbing motions towards her face; and

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2.  On June 13, 2017, the LPN glared at her and prevented her from leaving the room by blocking the doorway.

Regarding Claim 1, Complainant asserted that, on March 29, 2017, she was approached by her co-worker, an LPN, in an aggressive manner when she made stabbing motions with an ink pen towards Complainant's face. She explained that this encounter was in reaction to Complainant's attempt to schedule a walk-in appointment into the system for a very sick patient who had been unsuccessful in seeing his doctor. Complainant stated that she reported the incident to the Nurse Manager but felt that the Nurse Manager did not perform her duties by resolving the incident. The Nurse Manager said that she spoke to both parties about the incident and felt when they left her office "both employees seemed reasonably satisfied and calm." The record indicated the LPN received a verbal reprimand and no further action was taken. Complainant also asserted that the police officer to whom she reported the matter was negligent because he did not create or record a report of the incident. The police officer said he interviewed Complainant and the LPN and found no evidence of harassment. He said he also interviewed two eye witnesses (EW1 and EW2) to the incident and they told him that the LPN did not threaten or harass Complainant.

With respect to Claim 2, Complainant alleged that on or about June 13, 2017, the same LPN glared at her and prevented her from leaving the room by blocking the doorway. The LPN denied glaring at Complainant or preventing her from leaving the room by blocking the doorway. She stated Complainant did not turn around, talk, or attempt to get up from her chair the entire time she was in the room. An eyewitness (EW3) confirmed the LPN's version of the incident. Specifically, EW3 said the LPN came in to speak to her and give her the "no show" list. She said the LPN did not even look in Complainant's direction, and that Complainant was working on her computer with her back completely turned to them. EW3 said the Complainant never even turned around or tried to leave the office, even after the LPN left. However, Complainant said she asked the police officer who investigated the pen incident to make a police report about this incident. He said he told Complainant that it was not harassment when someone stood in a doorway.

After its investigation into the complaint, the Agency provided Complainant with a copy of the report of investigation and notice of right to request a hearing before an Equal Employment Opportunity Commission (EEOC or Commission) Administrative Judge (AJ). Complainant timely requested a hearing. The Agency submitted a motion for a decision without a hearing. The AJ subsequently issued a decision by summary judgment in favor of the Agency.

On consideration of relevant evidentiary documents and affidavits in the record, the AJ found that beyond Complainant's personal and speculative beliefs and her membership in a different racial group than the LPN, there was no evidence that the Agency's actions described in Claims 1 and 2 were motivated by Complainant's race or color. The AJ also found that no evidence established that the alleged Agency conduct was so severe or pervasive that it altered the terms and conditions of Complainant's employment or that the Agency's actions created an abusive, intimidating, hostile, or offensive working environment.

Rather, the AJ found that the alleged incidents were more likely the result of general workplace disputes and tribulations. Additionally, the AJ stated that the evidence failed to establish that Complainant was aggrieved since she suffered no harm as a result of either incident. Hence, the AJ found that Complainant failed to establish a prima facie case of hostile work environment or discrimination. The AJ further noted that even if Complainant had established a prima facie case of discrimination, the Agency articulated legitimate, nondiscriminatory reasons for its actions which Complainant failed to prove were pretextual.

The Agency issued its final order adopting the AJ's finding that Complainant failed to prove discrimination as alleged. The instant appeal followed.

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A fact is "material" if it has the potential to affect the outcome of the case. In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, _de novo_. See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a _de novo_ review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed _de novo_).

In order to successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence, and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

Upon careful review of the AJ's decision and the evidence of record, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against or harassed by the Agency as alleged.

## CONCLUSION

Accordingly, we AFFIRM the Agency's final order adopting the AJ's decision.

## STATEMENT OF RIGHTS - ON APPEAL
### RECONSIDERATION (M0617)

The Commission may, in its discretion, reconsider the decision in this case if the Complainant or the Agency submits a written request containing arguments or evidence which tend to establish that:

1.  The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2.  The appellate decision will have a substantial impact on the policies, practices, or operations of the Agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. A party shall have **twenty (20) calendar days** of receipt of another party's timely request for reconsideration in which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission. Complainant's request may be submitted via regular mail to P.O. Box 77960, Washington, DC 20013, or by certified mail to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The agency's request must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g). The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

2019004174

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

February 19, 2020
Date

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed.** I certify that this decision was mailed to the following recipients on the date below:

Joyce A. Ortiz-Thomas
2200 Wedgewood Rd., NW
Huntsville, AL 35816

Doris L. Gruntmeir
Chief Counsel, Personnel Law Group
Office of General Counsel
810 Vermont Ave., N.W.
Washington, DC 20420

Harvey Johnson, Deputy Assistant Secretary, Resolution Management
Office of Resolution Management (08D)
Department of Veterans Affairs
810 Vermont Ave., NW
Washington, DC 20420

February 19, 2020
Date

Compliance and Control Division