FILED
2022 Jan-13  PM 03:29
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **JOYCE A. ORTIZ THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 5:20-cv-00347-LCB** |
| | ) | |
| **SECRETARY OF VETERANS** | ) | |
| **AFFAIRS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER

This employment discrimination case is before the Court on Defendant's Motion for Summary Judgment. (Doc. 26). Plaintiff Joyce A. Ortiz Thomas claims she suffered racial and disability-based discrimination in violation of Title VII and the Americans with Disabilities Act of 1990 while employed by the Department of Veterans Affairs. (Doc. 1). Defendant's Motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** Defendant's Motion for Summary Judgment.

### I.      Summary of the Facts

On summary judgment, the Court considers the facts in the light most favorable to the non-movant. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

1

Accordingly, although disputed by the Secretary, the facts in the light most favorable to Thomas are as follows:

From 2007 to 2017, Thomas worked as an Advanced Medical Support Assistant with the U.S. Department of Veterans Affairs at the VA Outpatient Clinic in Huntsville, Alabama. (Doc. 26-2 at 2). In May of 2015, Thomas attended a staff meeting. (Doc. 26-4 at 35-36). During that meeting, Thomas felt uncomfortable because another participant, Dr. Harper, did not take the opinions and views of black employees seriously. *Id.* at 39-40. In March of 2017, Thomas had an altercation with Chesley Smith. Smith worked as a nurse in the Outpatient Clinic with Thomas. (Doc. 26-5 at 2). Smith told Thomas in an aggressive tone that she was "tired of you putting patients in my clinic." (Doc. 26-4 at 19). In addition, Smith made stabbing motions towards Thomas's face with a pen. *Id.* Later, Smith repeatedly pointed her finger in Thomas's face and continued to motion her pen towards her in a "bullying way." *Id.* at 21.

Three months later, on June 13, 2017, Smith stood in the door of an office Thomas was in and glared at her causing her to feel intimidated. *Id.* at 31. Later that day, Thomas began the EEO informal counseling process. (Doc. 26-6 at 1-2). On June 27, 2017, Thomas submitted a formal EEO complaint of employment discrimination. (Doc. 26-7). In her complaint, Thomas claimed that she suffered from a hostile work environment based on race and color. *Id.* Thomas received a

right to sue letter from the EEOC Office of Federal Operations on February 19, 2020.

(Doc. 26-10 at 3-4). On March 16, 2021, Thomas filed this suit. (Doc. 1).

## II.    Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if

the pleadings depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue of any material

fact and that the moving party is entitled to judgment as a matter of law." *Celotex

Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party asking for summary judgment

always bears the initial responsibility of informing the Court of the basis for its

motion and identifying those portions of the pleadings or filings which it believes

demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the

moving party has met its burden, Rule 56(c) requires the non-moving party to go

beyond the pleadings and—by pointing to affidavits, or depositions, answers to

interrogatories, and/or admissions on file—designate specific facts showing that

there is a genuine issue for trial. *Id.* at 324.

The substantive law identifies which facts are material and which are

irrelevant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All

reasonable doubts about the facts and all justifiable inferences are resolved in favor

of the non-movant. *See Allen v. Bd. of Pub. Educ. for Bibb Cnty.*, 495 F.3d 1306,

1314 (11th Cir. 2007); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir.

1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

When faced with a "properly supported motion for summary judgment, [the non-moving party] must come forward with specific factual evidence, presenting more than mere allegation." *Gargiulo v. G.M. Sales, Inc.*, 131 F.3d 995, 999 (11th Cir. 1997). As *Anderson* teaches, under Rule 56(c), a plaintiff may not simply rest on his allegations made in the complaint; instead, as the party bearing the burden of proof at trial, he must come forward with at least some evidence to support each element essential to his case at trial. *See Anderson*, 477 U.S. at 252. "[A] party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [her] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *Id.* at 248 (citations omitted).

Summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. "Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative." *Sawyer v. Sw. Airlines Co.*, 243 F. Supp. 2d 1257, 1262 (D. Kan. 2003) (citing *Anderson*, 477 U.S. at 250-51).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. "Essentially, the inquiry is 'whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Sawyer*, 243 F. Supp. 2d at 1262 (quoting *Anderson*, 477 U.S. at 251-52); *see also LaRoche v. Denny's, Inc.*, 62 F. Supp. 2d 1366, 1371 (S.D. Fla. 1999) ("The law is clear . . . that suspicion, perception, opinion, and belief cannot be used to defeat a motion for summary judgment.").

## III.   Discussion

Thomas advances four discrimination claims. First, she claims that she suffered race-based disparate treatment discrimination. Second, she alleges that she was the victim of a race-based hostile work environment. Third, she claims that she suffered retaliation because of her EEO complaint. Fourth, she claims that the VA improperly failed to accommodate her disabilities. As explained below, the Court finds that Thomas has failed to establish a *prima facie* case for any of her claims, so the Secretary is entitled to summary judgment.

### A.   Race-Based Discrimination

In any race-based employment discrimination claim, the plaintiff "bears the ultimate burden of proving discriminatory treatment by a preponderance of the

5

evidence." *Crawford v. Carroll*, 529 F.3d 961, 975 (11th Cir. 2008) (internal quotation marks omitted). To do so, the plaintiff must present either "direct evidence of an intent to discriminate or circumstantial evidence" using the burden shifting framework established in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973). *Id.* at 975. As explained by the *Crawford* court:

> Under [the *McDonnell Douglas*] framework, if the plaintiff establishes a prima facie case, the burden shifts to the employer to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. If the employer does this, the burden shifts back to the plaintiff to show that the employer's stated reason was a pretext for discrimination. The inquiry into pretext requires the court to determine, in view of all the evidence, "whether the plaintiff has cast sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct."

*Id.* at 975-76 (citations omitted) (alteration supplied). Thomas does not dispute that the record contains no direct evidence of race-based animus by the VA. Thus, Thomas proceeds under *McDonnell Douglas*'s burden-shifting framework.

Under that framework, a plaintiff establishes a *prima facie* case of discrimination by showing that: (1) she belongs to a protected class; (2) she was qualified to do the job; (3) she was subjected to an adverse employment action; and (4) her employer treated similarly situated employees outside her class more favorably. *Crawford*, 529 F.3d at 970 (citing *Knight v. Baptist Hosp. of Miami*, 330 F.3d 1313, 1316 (11th Cir. 2003)). The parties focus on the third criterion in their briefs.

There is no dispute that the VA did not discharge Thomas. Nor did the VA subject Thomas to an equivalent ultimate employment decision such as a failure to hire or a demotion. *Crawford*, 529 F.3d at 971. When a plaintiff claims discrimination but did not suffer an ultimate employment action, the "conduct . . . must, in some substantial way, 'alter the employee's compensation, terms, conditions, or privileges of employment, deprive him or her of employment opportunities, or adversely affect his or her status as an employee.'" *Crawford*, 529 F.3d at 970 (quoting *Gupta v. Fla. Bd. of Regents*, 212 F.3d 571, 587 (11th Cir. 2000)). In this Circuit, an adverse employment action is commonly a reduction in wages, benefits, or rank. *See, e.g.*, *Webb-Edwards v. Orange Cnty. Sheriff's Off.*, 525 F.3d 1013, 1032-33 (11th Cir. 2008); *Kidd v. Mando Am. Corp.*, 731 F.3d 1196, 1203 (11th Cir. 2013) (quoting *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)).

The Secretary argues Thomas fails to establish a *prima facie* case of discrimination because she did not suffer an adverse employment action. (Doc. 26 at 10). Specifically, the Secretary contends that because Thomas did not suffer an ultimate employment decision, she must produce evidence showing a material change in the terms, conditions, or privileges of her employment. But, according to the Secretary, she has categorically failed to do so. *Id.* Thomas responds by asserting the final incident with Smith, where she stood in a doorway, was false imprisonment.

(Doc. 29 at 7). Additionally, Thomas surveys Ninth Circuit precedent—not binding on this court—but does not make an argument or apply the law to the facts of her case. *Id.* at 18-20.

Put simply, Thomas has not produced evidence showing that a term, condition, or privilege of her employment has materially changed. She has not produced evidence that the VA cut her wages, decreased her benefits, or stripped her of her rank. Additionally, she has not produced evidence that her status at work has negatively changed. Even if Smith standing in the doorway was false imprisonment, that claim would be a separate tort. And it is unclear how that tort impacted the terms and conditions of Thomas's employment in any way. Ultimately, Thomas has produced no evidence showing a material change in the terms and conditions of her employment. Accordingly, Thomas has failed to establish that she suffered an adverse employment action. Therefore, Thomas fails to establish a *prima facie* case of disparate treatment discrimination, and the Secretary is entitled to summary judgment on that claim.

**B.     Hostile Work Environment**

This Court is required to evaluate Thomas's hostile work environment claim under the Eleventh Circuit standard. To establish a *prima facie* case of a hostile work environment, Thomas must produce evidence showing: (1) that she belongs to a protected group; (2) that she has been subject to unwelcome harassment; (3) that the

harassment must have been based on a protected characteristic of the employee; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive work environment; and (5) that the employer is responsible for that environment under either vicarious or direct liability. *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

The fourth criterion includes "both an objective and a subjective component." *Id.* at 1276. A court evaluates the objective element by looking to "'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).

The Secretary argues that Thomas failed to show that the alleged conduct was sufficiently severe or pervasive. Specifically, the Secretary points out that the alleged conduct boils down to three incidents over the course of two years. (Doc. 26 at 11-12). The Secretary additionally contends that the alleged incidents of harassment "were not permeated with discriminatory intimidation, ridicule, and insult and, therefore, do not satisfy the objective component of the test." *Id.* at 12. Thomas responds with another Ninth Circuit precedent survey, which again, is not

binding on this Court. (Doc. 29 at 28-32). Additionally, Thomas recites the Ninth Circuit's five-factor test for a hostile work environment claim and makes a series of conclusory statements that the factors have been satisfied in her case. *Id.* at 29.

The record does not contain sufficient evidence to meet the Eleventh Circuit's severe and pervasive standard. The standard is a high bar. Generally, a plaintiff must show that the harassment is so consistent and outrageous that they cannot possibly perform their job. *Reeves v. C.H. Robinson Worldwide, Inc.*, 594 F.3d 798, 809 (11th Cir. 2010); *see also Adams v. Austal*, 754 F.3d 1240, 1251-57 (11th Cir. 2014) (finding consistent overtly racist graffiti, racially derogatory language, and the display of a noose sufficiently severe and pervasive). For example, this Circuit has held that a plaintiff subjected to "racially derogatory language alone, extending over a period of more than two years, [is] too sporadic and isolated to establish that her employers' conduct was . . . severe or pervasive". *McCann v. Tillman*, 526 F.3d 1370, 1379 (11th Cir. 2008); *see also Adams*, 754 F.3d at 1251-57 (finding occasional utterances of racial slurs and racially charged imagery in the workplace insufficiently severe or pervasive).

Against this backdrop, it is clear that the alleged harassment in this case does not rise to the level of severe and pervasive. The conduct at issue was not overtly discriminatory. And more importantly, the conduct consists of three isolated incidents over the course of two years. Because the record does not show that the

alleged harassment was sufficiently severe and pervasive, Thomas fails to establish a *prima facie* case of a hostile work environment. Thus, the Secretary is entitled to summary judgment on that claim.

### C.   Retaliation

This Court is required to evaluate Thomas's claim for retaliation under the Eleventh Circuit standard. To establish a *prima facie* case of retaliation, Thomas must produce evidence showing: (1) she engaged in an activity protected under Title VII; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001).

To show the necessary causal connection, "a plaintiff need only show that the protected activity and the adverse action were not wholly unrelated." *Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 799 (11th Cir. 2000) (quotations omitted). The plaintiff must show "that the decision maker was aware of the protected conduct at the time of the adverse employment action." *Id.*

The Secretary argues that Thomas has not produced evidence that there was a causal connection between the protected activity and the adverse employment action. The Secretary persuasively points out that the alleged conduct occurred before Thomas engaged in protected activity, so the protected activity cannot possibly have caused the alleged conduct. (Doc. 26 at 14-15). Thomas does not

address this argument in her brief. Instead, she briefly claims that, after the EEOC accepted charges, the VA created a "constructive conflict" in the workplace. (Doc. 29 at 10).

The Court agrees with the Secretary. This Circuit has consistently held that, when an alleged adverse employment action occurs before protected activity occurs, there is no evidence of causation. *See, e.g.*, *Saffold v. Special Counsel, Inc.*, 147 Fed. App'x. 949, 951 (11th Cir. 2005) (*per curiam*). That is the case here. The alleged conduct that Thomas argues was an adverse employment action occurred before she engaged in any protected activity. Simply, the protected activity cannot have caused the adverse employment action because the protected activity occurred *after* the alleged adverse employment action. Accordingly, Thomas has failed to produce evidence showing a causal connection. Therefore, Thomas fails to establish a *prima facie* case of retaliation, and the Secretary is entitled to summary judgment on that claim.

### D.    Disability Claim

Lastly, Thomas brings a disability claim under the Rehabilitation Act.[1] Under the Rehabilitation Act, Title VII procedures, rights, and remedies apply. 29 U.S.C.

---

[1] Thomas's claims arise from her employment with the VA. Accordingly, Thomas is a federal employee suing a federal employer. However, Thomas purports to bring a discrimination claim under the ADA. The ADA's terms make explicit it does not protect federal employees. 42 U.S.C. § 12111(5)(B)(i). So, as instructed by the Eleventh Circuit, the Court "construe[s] [her] claim as one under the Rehabilitation Act". Garrett v. USPS, 725 Fed. Appx. 782, 784 (11th Cir. 2018) (citing Sutton v. Lader, 185 F.3d 1203, 1207 n. 5 (11th Cir. 1999)).

§ 794a(a). Accordingly, "private actions against federal government employers under the Act . . . must satisfy 'the requirement of exhaustion of administrative remedies in the manner prescribed . . . by Title VII.'" *Doe v. Garrett*, 903 F.2d 1455, 1461 (11th Cir. 1990) (quoting *Milbert v. Koop*, 830 F.2d 354, 357 (D.C. Cir. 1987)).

The Secretary argues that Thomas failed to exhaust her administrative remedies as required under the Rehabilitation Act. In particular, the Secretary points out that Thomas never raised her failure to accommodate claim with the EEO. (Doc. 26 at 16-17). Curiously, Thomas appears to concede that she did not exhaust her administrative remedies. (Doc. 29 at 22) ("Here Plaintiff did not raise a failure to accommodate disability claim in either her informal EEO contact or her formal complaint."). However, it appears that the language in Thomas's brief was copied directly from the Secretary's brief. *See* (Doc. 26 at 16) ("Here Plaintiff did not raise a failure to accommodate disability claim in either her informal EEO contact or her formal complaint.").

Even putting aside Thomas's apparent concession, Thomas proffers no evidence rebutting the Secretary's argument. That is, Thomas has produced no evidence showing that she exhausted her administrative remedies before filing this suit. And as explained above, administrative exhaustion is a threshold requirement for this Court to hear her disability claim. *Doe*, 903 F.2d at 1461. Accordingly,

Thomas has no cognizable claim under the Rehabilitation Act, and the Secretary is entitled to summary judgment on that claim.

## **CONCLUSION**

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Doc. 26) is **GRANTED**. Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**. A separate order will be entered contemporaneously with this memorandum opinion.

**DONE** and **ORDERED** this January 13, 2022.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

14